

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

*970 Broad Street, 7th floor*       973-645-2700
*Newark, New Jersey 07102*

CF/PL AGR
2019R00829

March 12, 2020

Ruth Liebesman, Esq.
36 Farview Terrace
Paramus, New Jersey 07652

    Re:  Plea Agreement with Patrick Sheehan

Dear Ms. Liebesman:

    This letter sets forth the plea agreement between your client, PATRICK SHEEHAN, and the United States Attorney for the District of New Jersey ("this Office"). The government's offer to enter into this plea agreement will expire on March 19, 2020 if it is not accepted in writing by that date.

**Charge**

    Conditioned on the understandings specified below, this Office will accept a guilty plea from PATRICK SHEEHAN to an Information, which charges him with knowingly using a likeness of the seal of the United States House of Representatives, or a substantial part thereof, without authorization from the United States House of Representatives or the Clerk of the House of Representatives, in violation of Title 18, United States Code, Section 713(d). If PATRICK SHEEHAN enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against PATRICK SHEEHAN relating to letters purporting to be from a member of the United States House of Representatives containing the seal of the United States House of Representatives, and letters purporting to be from that member's employee, that PATRICK SHEEHAN authored and sent to various recipients in or about July 2019. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, PATRICK SHEEHAN agrees that any charges that are not time-barred by the applicable statute of limitations on the date that this agreement is signed by PATRICK SHEEHAN may be

1

commenced against him, notwithstanding the expiration of the limitations period after PATRICK SHEEHAN signs the agreement.

### Sentencing

The violation of 18 U.S.C. § 713(d) charged in the Information to which PATRICK SHEEHAN agrees to plead guilty carries a statutory maximum prison sentence of 6 months and a statutory maximum fine equal to the greatest of: (1) $5,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense, pursuant to 18 U.S.C. § 3571. A fine imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon PATRICK SHEEHAN is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representations or promises as to what sentence PATRICK SHEEHAN ultimately will receive.

Further, in addition to imposing any other penalty on PATRICK SHEEHAN, the sentencing judge: (1) will order PATRICK SHEEHAN to pay an assessment of $10 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; and (2) may order PATRICK SHEEHAN to pay restitution, if applicable, pursuant to 18 U.S.C. §§ 3663 et seq.

### Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on PATRICK SHEEHAN by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of PATRICK SHEEHAN's activities and relevant conduct with respect to this case.

### Stipulations

This Office and PATRICK SHEEHAN agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is

based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or PATRICK SHEEHAN from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentence proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

### Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and PATRICK SHEEHAN waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including, but not limited to, an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

### Immigration Consequences

PATRICK SHEEHAN understands that, if he is not a citizen of the United States, his guilty plea to the charged offense may result in him being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. PATRICK SHEEHAN understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. PATRICK SHEEHAN wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. PATRICK SHEEHAN understands that he is bound by this guilty plea regardless of any immigration consequences of the plea. Accordingly, PATRICK SHEEHAN waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

### Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against PATRICK SHEEHAN. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil or administrative proceeding against PATRICK SHEEHAN.

No provision of this agreement shall preclude PATRICK SHEEHAN from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that PATRICK SHEEHAN received constitutionally ineffective assistance of counsel.

### No Other Promises

This agreement constitutes the plea agreement between PATRICK SHEEHAN and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions will be made unless set forth in writing and signed by the parties.

Very truly yours,

CRAIG CARPENITO
United States Attorney

By: CARI FAIS
Assistant U.S. Attorney

APPROVED:

JAMES NOBILE
Chief, Special Prosecutions Division

I have received this letter from my attorney, Ruth Liebesman, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____           Date: 3/14/2020
PATRICK SHEEHAN


I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____           Date: 3/16/2020
Ruth Liebesman, Esq.

5

Plea Agreement with PATRICK SHEEHAN

Schedule A

1. This Office and PATRICK SHEEHAN agree to stipulate to the following facts:

    a. While PATRICK SHEEHAN was employed by a member of the United States House of Representatives (the "MOH"), from in or about February 2018 to in or about August 2019, he had access to the MOH's official letterhead, which contained the likeness of the seal or a substantial part of the seal of the United States House of Representatives.

    b. In or about July 2019, while in New Jersey, PATRICK SHEEHAN drafted and mailed to various recipients letters purporting to be from an employee of the MOH, which were neither created, approved, nor signed by the employee (the "employee letters").

    c. The employee letters contained false information regarding the employee and the MOH.

    d. In or about July 2019, while in New Jersey, PATRICK SHEEHAN drafted and mailed to various recipients multiple copies of a letter on the MOH's official letterhead purporting to be from the MOH (the "MOH letter"), which were neither created, approved, nor signed by the MOH, and which contained the likeness of the seal or a substantial part of the seal of the United States House of Representatives.

    e. The MOH letter purported to respond to the false information in the employee letters, and also contained false information.

    f. PATRICK SHEEHAN was not authorized to use the letterhead containing the likeness of the seal or a substantial part of the seal of the United States House of Representatives in this manner.

    g. As of the date of this letter, PATRICK SHEEHAN has demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged.

2. PATRICK SHEEHAN knows that he has and voluntarily waives the right to file any appeal, any collateral attack, or any other writ or motion, including, but not limited to, any appeal under 18 U.S.C. § 3742 or a motion under 18 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence is equivalent to or falls below the statutory maximum term of imprisonment. Furthermore, if the sentencing court accepts a factual stipulation set forth above, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.